THE COUNTY OF KNOX, Plaintiff in Error, *v.* CEPHAS ARMS, Defendant in Error.

ERROR TO KNOX.

On a judgment against a county, it is erroneous to award an execution.

Counties should pay for printed blanks, such as summons, subpœnas, etc., furnished by the clerk of the Circuit Court for the use of his office.

THIS was an appeal from the board of supervisors of Knox county, upon the refusal of that board to allow the clerk of the Circuit Court for the printing of blanks for the use of his office, and was tried in the Circuit Court of Knox county before a jury, at the October term, A. D. 1857. Verdict and judgment for plaintiff. Motion for a new trial by defendant, overruled.

On the trial it was agreed by the plaintiff and defendant, as evidence for the jury, that the articles charged in the bill of the plaintiff, filed in said cause to said county, were procured by the plaintiff and paid for by him, and that the amounts of blanks charged in said plaintiff's bill to said county, were printed for him for the use of the clerk's office of the Circuit Court of said county, which account is as follows :

County of Knox *v.* Arms.

Knox County,

To C. Arms, Dr.

April 25th, 1857, To 33 bush. coal used in my office ..................,.........P $4.95

June 20th, " " Cash paid John S. Winter for Blanks printed for and used in my office for Court purposes, as follows :

| | | | | | | |
|---|---|---|---|---|---|---|
| To 2 quires | Capiases, at $1.50 per quire.............. | | | | | 3.00 |
| " 2 " | Summons, " " " ................. | | | | | 3.00 |
| " 4 " | " " " " ................. | | | | | 6.00 |
| " 2 " | " $1.00 " " ................. | | | | | 2.00 |
| " 2 " | Attachments for witnesses, at $1.50 per quire, | | | | | 3.00 |
| " 4 " | Supersedeas, " 1.00 " " | | | | | 4.00 |
| " 4 " | Forthwith Capias, " 1.50 " " | | | | | 6.00 |
| " 2 " | Capias for Clerk, " 1.00 " " | | | | | 2.00 |
| " 4 " | Summons for G. Jurors, " 1.00 " " | | | | | 4.00 |
| " 4 " | Writs Attachment, " 1.50 " " | | | | | 6.00 |
| " 2 " | Capias ad. respondendum, " 1.50 " " | | | | | 3.00 |
| " 1 " | Wit. Certificates, " 1.00 " " | | | | | 1.00 |
| " 6 " | Fee Bills and Executions, " 1.50 " " | | | | | 9.00 |
| " 4 " | Fi. Fas., " 1.00 " " | | | | | 4.00 |
| " 8 " | Witnesses' Affidavits.................... | | | | | 10.00 |
| " Printing 6 Alphabets for Cases,.................P | | | | | | 75 |

June 22nd, 1857, To 2 quires Procedendoes, at $1.00 per quire........'.. . 2.00

" 4 " Transcript Executions, at $1.50 per quire... 6.00

July 27th, 1857, To Cash paid C. Evans for work and material on case in office....................................P 8.61

" 1 Deed Record, pr Charles Sonne, as per bill ......P 15.50

" Fees in Criminal Cases, as pr Statute for 1857.....P 40.00

" 1 Bottle Ink...................................P 75

The above Bill is correct, $144.56

C. ARMS, *Clerk.*

The plaintiff below called a witness, who testified, that he had been clerk of the Circuit Court of Henderson county, Illinois, for sixteen years; have been in Knox county for last five or six terms of Knox Court, assisting the circuit clerk; necessarily know the amount and kind of blanks required to do the business of the office; and then proposed to prove by him, that the said blanks in said bill of the plaintiff were necessary to do the business of said Circuit Court of Knox county, and asked the following question : Are the blanks charged in the bill of plaintiff necessary for the clerk in order to do the business of the court? to the answering of which question the defendant objected. Court overruled objection and permitted witness to answer. The witness then testified : I have assisted the clerk of Knox Circuit Court for five or six last terms ; that the said blanks in said bill of plaintiff are necessary for said clerk; in order to transact the business of the office, it is necessary that the clerk should be furnished with blanks, and he could not do the

business of the office without them; the saving of paper in getting blanks, would more than pay for blanks or printing of blanks; one man with blanks, can perform more than ten men without blanks.

That a man could write out from twenty to fifty subpœnas in a day, and summonses about the same number; that it would take five clerks to do the business of Knox county without printed blanks.

It was admitted by the parties, that plaintiff bought and paid for the blanks that were charged in his account, for his use as circuit clerk of Knox county, and that the quantity and price were reasonable.

The defendant, to maintain the issue on its part, then called *Zelotes Cooly*, the clerk of the county court of Knox county, with the records of the proceedings of the board of supervisors of said county, who testified that he was clerk of the County Court of said county, and that as such clerk he had the records of the proceedings of board of supervisors in his possession, and that he had the records of the proceedings of the board of supervisors of Knox county in relation to the account of plaintiff, sued on in this action, and that the book he had with him contained the proceedings of said board of supervisors, in relation to said account.

The defendant offered in evidence the record of the proceedings of said board of supervisors, in relation to the account of plaintiff, sued on in this action, from which proceedings and decision the said appeal was taken to this court, and to show what items of said account were allowed by said board of supervisors of said county, and what items they refused to allow said clerk. To the giving in evidence of said record the plaintiff objected, and the court sustained said objection.

The plaintiff asked the following instructions, which the court, THOMPSON, Judge, presiding, gave to the jury:

1. The jury are instructed, that if they believe from the evidence, that the articles charged for in the plaintiff's account, were purchased and furnished by the plaintiff as the clerk of the Circuit Court of Knox county for use in his office, and that the quantity charged for is reasonable in amount, and that the articles charged for and embraced in said account, were necessary for the clerk in the performance of the duties of his office, that then the plaintiff is entitled to recover so much as said articles are reasonably worth.

2. The jury are instructed, that blanks are stationery, within the meaning of the statute.

To the giving of said instructions the defendant excepted.

The defendant asked the following instructions:

1. That if the jury believe, from the evidence, that the supervisors of Knox county allowed the plaintiff for all the items in his bill except for the printing of blanks, and passed an order for the payment of the same to said plaintiff, the jury will only find a verdict for the amount of said bill which the supervisors refused to allow, if they believe the same was necessary stationery for the use of said office.

2. If the jury believe, from the evidence, that the supervisors of Knox county allowed the bill of the plaintiff with the exception of the printed blanks, and that plaintiff, as clerk of said court, gets a fee by statute for said writs from the parties to suits, they will find for the defendant.

Which said instructions the court refused to give, and the defendant excepted.

Whereupon the jury found the issues for the plaintiff, and assessed his damages at $144.56.

The court overruled a motion for a new trial, and rendered judgment for the amount of verdict and costs of suit.

DOUGLASS & CRAIG, for Plaintiff in Error.

TYLER & SANFORD, for Defendant in Error.

BREESE, J. It was error in this case to award an execution against the county on the judgment rendered against it. In such case our statute, (Scates' Comp. 300,) provides expressly when a judgment is so rendered, the court of the county shall order a warrant to be drawn on their treasurer for the amount of the judgment and costs, to be paid as other county debts, and "nothing herein contained shall authorize any execution to be issued against lands or other property of any county of this State."

Upon the other question presented, as to the liability of the county to pay for printed blanks, subpœnas, summons, etc., furnished by the clerk of the Circuit Court for the use of his office, we entertain no doubt.

It is contended by the county, that it is not liable, because the law allows the clerk a fee on issuing writs and other process; that he is paid for the labor of preparing them, and must perform it.

The only statute upon the subject to which reference has been made, is Ch. 41, Sec. 32, (Scates' Comp. 509.) That section is as follows: "The clerks of the Circuit and County Commissioners' Courts shall provide all the necessary books for their respective offices, and a safe press or presses with locks and keys for the safe-keeping of the archives of their respective

County of Knox *v.* Arms.

offices; and the County Commissioners' Courts shall make allowances for the same, and for articles of stationery, necessary for their respective courts, out of the county treasury, from time to time."

The county claim, that these printed blanks are not articles of stationery, necessary for the court; that they are only to provide for the office, and the court, the necessary articles of stationery for the use of the court and the public—such articles for which the clerk is allowed no fees for issuing, and for which no officer gets any pay, and which, therefore, the county ought to provide. That the law restricts " articles of stationery " to such as may be necessary for the court, and cannot include blanks for a clerk, which a county has no right by law to frame and to have printed and which must be framed by the clerk according to the parties and facts of each particular case, and that there is no law requiring process of any kind to be printed, and if the clerk to save time and labor procures printed forms, it is for his own profit and convenience, in which neither the county nor the public, have any concern.

This is all true, and being admitted does not determine the duty of the county as arising under, not only the proper construction of the act to which reference is made, but upon general views and principles, applicable to the case.

The county contends that stationery, as defined by lexicographers, cannot include blanks, and reference is made to Webster. He says " stationer " meant originally a bookseller from his occupying a stand or station; but at present, one who sells paper, quills, inkstands, pencils and other furniture for writing, and " stationery " means, the articles usually sold by stationers, as paper, ink, quills, etc. If this be so, and we do not doubt it, stationery must include printed blanks, as they are articles usually sold by stationers. So would steel pens, and penholders, wafers, mucilage, sand or sponge paper, and various other articles be deemed stationery. A stationer deals in blank paper, and in paper partially printed. Such is our experience, and blank forms are not unusually one of the main articles of their business. We think stationery includes blanks and are indispensable for the prompt performance of the duties of the office of clerk and therefore necessary for the court, the clerk's office being an indispensable appendage of a court.

It would seem to us, that the public have quite as great an interest that these blanks should be supplied as the clerk, for he gets his fee whether a writ is written or printed. The business of the county could not be transacted, without this facility being furnished the clerks, and it is evidently the intention of the legislature, that the county shall provide all that is neces-

sary for such purpose be it stationery or what not. The speedy dispatch of the business of the courts is a matter in which the public have a deep interest, and the county must procure all reasonable facilities for that purpose. All such stationery must be furnished as the demands of the office require, in whatever articles it may consist.

The case of *De Kalb County* v. *Beveridge*, 16 Ill. R. 312, sustains these views. See also *Armsby* v. *Warren County*, 20 ib. 126.

It is really a matter of economy to the county, that it should furnish the blanks to facilitate the public business, and thus save expense.

It has been the uniform practice of this court from its first organization to this time, to audit the bills of its clerk for blanks. This amounts to a construction of the statute by this court entitled to consideration and weight.

Such has been not only the practical construction of this court but of the subordinate tribunals, from the earliest history of this State, and with this universal contemporaneous construction before it, the legislature has in its various revisions of the laws, repeatedly re-enacted this statute, without change of its phraseology, thus in the most direct mode, sanctioning the construction, as giving the true intention of the law makers. Without this, the maxim, " *Contemporanea expositio fortistima est in lege*," would well apply.

The other question made, by the allowance of a part of the claim by the board of supervisors, does not amount to anything. They did not allow the claim, and no object could be gained by proving a tender of part, which is the utmost to which the allowance can go.

That part of the judgment awarding execution in this case, will be reversed, and affirmed as to all else.