# COMMISSIONERS' COURT OF PIKE COUNTY *vs.* GOLDTHWAITE.

[APPLICATION BY CIRCUIT CLERK FOR ALLOWANCE FOR STATIONERY.]

1. *Allowance to circuit clerk for stationery.*—The word *stationery*, as used in section 660 of the Code, construed in connection with the legislative interpretation given to it in the act of February 8th, 1858, (Session Acts, 1857–8, p. 45,) includes blank writs, subpœnas, witness-certificates, &c., procured by a circuit clerk for the use of his office, and actually used in his office.

2. *Liability of commissioners' court for costs.*—Where the proceedings of the commissioners' court, refusing to make an allowance to the circuit clerk for stationery used in his office, (Code, § 660,) are removed by *certiorari* into the circuit court, where a motion for a *mandamus* is also made against them by the clerk, to compel the allowance of his claim, and judgment is rendered in favor of the clerk, the circuit court may further order " that the said commissioners' court pay the costs of this proceeding out of the county treasury."

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN GILL SHORTER.

THE appellee in this case, who was the clerk of the circuit court of Pike, presented an account to the commissioners' court of said county, amounting to $72 50, for books and stationery furnished by him for the use of his office during the years 1857 and 1858, and asked its allowance as a claim against the county under section 660 of the Code. The commissioners' court rejected all that portion of the account which was for blank writs, subpœnas, witness-certificates, &c., on the ground that those articles did not come within the provision of the statute. The clerk then removed the proceedings, by *certiorari*, into the circuit court, and also moved for a *mandamus* to the commissioners' court, to compel the allowance of his claim. The case was submitted to the circuit court on an agreed statement of facts; "the defendants waiving all objection to the manner in which the action of the court was invoked." It was admitted, that all the articles charged in the account, including the blanks above specified, "were procured by the plaintiff, in good faith, for the use of his office, were necessary and proper for the use of his office, and were actually used in the same." On the agreed facts, the circuit court rendered the following judgment: "It is therefore considered by the court, that the said items of blanks are *stationery*, within the meaning of section 660 of the Code, and are, therefore, a proper charge against the county treasury. It is further considered by the court, that the said commissioners' court shall make a reasonable allowance for such blanks as are mentioned in said account, and used by said clerk in the discharge of the duties of his office; and that a copy of this judgment be certified to said commissioners' court, as a mandate that they decree in accordance therewith. It is also considered by the court, that the said commissioners' court pay the cost of this proceeding out of the county treasury." The defendants excepted to the ruling and judgment of the circuit court, and they here assign the same as error.

GOLDTHWAITE, RICE & SEMPLE, for appellants.

PUGH & BULLOCK, *contra.*

STONE, J.—If this question rested alone on section 660 of the Code, we should doubt if printed blanks came under the general designation, *stationery.* This doubt, however, is removed by the act approved February 8th, 1858.—Pamph. Acts, 45. The last clause of the third section of that act characterizes blanks as stationery. This is a legislative interpretation of the word, and, influenced by it, we hold that blanks, such as are the subject of the present controversy, are stationery within section 660 of the Code.

[2.] There is no error in the judgment for costs.—Court of County Commissioners v. Bowie, 34 Ala. 461.

Judgment affirmed.