## Robert W. McClaughry

*v.*

## The Board of Supervisors of Hancock County.

Counties—*bound to pay for necessary stationery furnished by Circuit Clerk—notwithstanding an agent had been appointed by the board of supervisors for that purpose.*
Under section 32 of chap. 41 of the Rev. Stat., while the clerks of the circuit

and county courts cannot claim the exclusive right to purchase the stationery required for their respective offices, as against an agent appointed for such purpose by the board of supervisors; yet, if such agent fails to keep their offices properly supplied, they may make necessary purchases of such articles, and if the prices paid are reasonable, the county must pay for it.

WRIT OF ERROR to the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action of assumpsit, brought by the plaintiff in error against the defendants in error, the board of supervisors of Hancock county, to recover the sum of $41 81, alleged to have been paid out by him, as county clerk of said county, for blanks and other stationery, for the use of his office as such clerk. The case was tried before the court, a jury having been waived, who found the issues for the plaintiff, and assessed his damages at $15; to reverse which, the plaintiff has brought the case to this court by writ of error. The further facts are stated in the opinion.

Mr. D. MACK and Mr. H. DRAPER, for the plaintiff in error.

Messrs. MANIER, PETERSON & MILLER, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This record presents the question, whether a board of supervisors, having appointed a special agent to provide stationery for the offices of the circuit and county clerks, can refuse payment for stationery furnished by the clerk, and proven to be necessary? Section 32 of chapter 41 of the Revised Statutes, provides as follows:

" The clerks of the circuit and county commissioners' courts shall provide all the necessary books for their respective offices, and a safe, press or presses, with locks and keys, for

the safe keeping of the archives of their respective offices; and the county commissioners' court shall make allowances for the same, and for articles of stationery necessary for their respective courts, out of the county treasury, from time to time."

We have no doubt that the board of supervisors can appoint an agent to buy the stationery; and if he buys it and furnishes the clerks' offices, the clerk himself would not be at liberty to purchase and claim payment of his bills. He cannot claim an exclusive right of purchasing; but if the special agent fails to keep the offices properly supplied, the clerks, under the foregoing act, as construed in the case of *Knox County* v. *Arms*, 22 Ill. 175, would have the right to buy, and insist on payment by the county. Such a right would be incident to the office under the foregoing law. The clerks can not be required, when the office stationery is exhausted, to suspend the business of the office until the agent calls, or until they can find him. If the agent has neglected to supply them in season, they have the right to purchase, and when the necessity of the purchase is shown, and the prices paid are reasonable, the county should pay the bill. It was proven, in this case, that the articles bought were necessary for the office, and that the prices paid were reasonable. The judgment must be reversed.

*Judgment reversed.*