BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE CO. v. KOONS et al.

CONSTRUCTION OF STATUTE — *meaning of the word " stationery."* Blanks used by a clerk of a district court are not stationery within the meaning of section 28, chapter 21, Revised Statutes, and the county is not liable for them.

*Error to District Court, Arapahoe County.*

THE statute (Rev. Stat. 172), so far as it relates to the subject considered, is as follows :

" SEC. 28. The board of commissioners of their respective counties shall, at the expense of the county, * * * * provide suitable books and stationery for the use of each of the county officers of their county."

Mr. Justice EYSTER dissented.

Mr. V. D. MARKHAM, for plaintiff in error.

Mr. G. W. MILLER and Mr. S. E. BROWNE, for defendants in error.

GORSLINE, J. This case comes before us on an agreed statement of facts, and the only question to be determined is, whether the county is liable for blanks furnished to the clerk of the district court to be used in his office. The statute provides, that the several boards of county commissioners shall provide suitable books and stationery for the use of the county officers of their county. If these blanks,

used by the clerk of the district court, come within the definition and meaning of " stationery," then the judgment of the district court should be affirmed. Stationery is defined to be such articles as are usually sold by stationers, as paper, ink, quills and the like. We might go further and say that such blanks as are used by the public generally, as blank deeds, mortgages and the like, could well be included in the meaning of the term. It must be different, however, as to those blanks which are intended for and used only by one person in the county, for they are valueless to all others. Such blanks are not *usually* kept by stationers, for the public have no use for them. They are printed solely for the use of one person, and the public has no use for or interest in them. It is, doubtless, convenient, and facilitates business, for the clerk to have these blanks, but the question is, whether the law has provided that the county shall pay for them. We think it has not, and, therefore, that the judgment of the district court should be reversed. We are aware that the question has been decided differently by the supreme court of Illinois (*County of Knox* v. *Arms*, 22 Ill. 175), but we fail to see the force of the argument advanced by that court, unless the long practice of the court in auditing such bills of its clerks had sanctioned the construction which the court gave to the statute.

The judgment of the district court is reversed.

*Reversed.*