HARRIS COUNTY v. CLARKE & COURTS.

Delivered July 1, 1896.

**1.  County Officers—Stationery for Office.**

Article 2475, Revised Statutes of 1895, provides that there shall be allowed to certain county officers "such books, stationery, including blank bail bonds and

blank complaints, and office furniture, as may be necessary," to be paid for by the county. Held, that such stationery may include printed blanks other than blank complaints and bail bonds.

**2.   Same—Right of Officer to Purchase Without Order of Court.**

The county officers mentioned in article 2475 of the Revised Statutes may, without an order of the Commissioners Court, purchase such books, stationery and office furniture therein specified, the quantity and price being reasonable, as may be suitable and necessary for their offices, and the county will be liable therefor.

APPEAL from Harris.   Tried below before Hon. S. H. BRASHEAR.

*John G. Tod* and *F. L. Schwander,* for appellant.—1.   The word stationery does not include printed blanks. Arapahoe County v. Koons, 1 Colo., 160; Com. Court v. Goldthwaite, 35 Ala., 704; Webster's Dictionary (Unabridged), "Stationery."

2.   The word "stationery" as used in article 2411 of the Revised Statutes, as amended by the Act of March 31, 1885, does not include any printed blanks except blank bail bonds and blank complaints.   The expression of one class as being included in the terms of a statute by necessary implication excludes all other classes from its application. Adams v. Water Works Co., 86 Texas, 485; Morrow v. Morgan, 48 Texas, 204; Mercer v. Barton, 17 Texas, 206; Broom's Legal Maxims (8 Am. ed.), 650, 654; Coke on Littleton, 210a.

3.   Appellant is not liable upon any contract made in its behalf without the authority of the Commissioners Court.   Russell v. Cage, 66 Texas, 428; Nolan County v. Simpson, 11 S. W. Rep., 1098; Polly, County Judge, v. Hopkins, 11 S. W. Rep., 1084; Potts v. Henderson, 2 Ind., 327.

*Hume & Kleberg,* for appellees.—1.   The common and general use of the word "stationery" includes printed blanks.   County of Knox v. Arms, 22 Ill., 175; McClaughry v. Hancock County, 46 Ill., 356; County of Jefferson v. Besley, 5 Wis., 134.

2.   Contracts on behalf of counties, within the scope of their powers, may be made by their officers or agents, as is allowed by law in the case of ordinary corporations.   District and county clerks are the legally constituted agents of the county from which they are elected or appointed, and what they do in the necessary and proper exercise of the authority conferred upon them by such offices, the county, in its corporate capacity, is liable for.   Watkins v. Walker County, 18 Texas, 585; Rutherford v. Harris County, 3 Willson, C. C., sec. 114; McClaughry v. Hancock County, 46 Ill., 356.

PLEASANTS, ASSOCIATE JUSTICE.—This is an appeal from a judgment rendered against the appellant upon a verified account for stationery and furniture, sold and delivered by appellees to the sheriff of Harris County and to the clerks of the District Court and Criminal District Court for that county, at the special instance and request, respectively,

of said officers, for and on account of the county, for the use of said officers in the discharge of their official duties. The account was duly presented to the Commissioners Court of the county for allowance and payment, but payment was refused and suit was therefore instituted in the District Court for the recovery of the price of the goods sold and delivered as aforesaid by appellees, and, upon trial of the cause in that court, verdict and judgment were rendered for the plaintiff for the sum of $587.25, being six dollars less than the sum sued for, and a new trial being refused it, the county appealed to this court.

The defense to the suit is based on two grounds: first, that the officers who purchased the goods were not authorized by law to make the purchase for the county; and second, that a large portion of the goods consisted not of necessary stationery for the offices of said sheriff and clerks, but of printed forms, with blanks therein, to be filled by said officers as occasion required, and were intended for the convenience and economy of the officers who purchased them. These objections to the appellees' demand we will consider in the reverse order in which they are stated.

Stationery is defined by Webster to mean paper, pens, inks, quills, blank books, et cetera. From this definition of the word it would be only by a narrow and contracted interpretation of the statute that printed blanks could be denied to the sheriff and clerks of a county for use in the performance of their official duties. And such an interpretation of the statute is not in harmony with the custom which obtains, and which has obtained for years in the offices of the executive and judicial departments of this State, nor with legislative action in respect to appropriations made for these departments. Besides, it has been expressly determined by a court of great respectability, that the term stationery includes within its meaning printed blanks. County of Knox v. Arms, 22 Ill., 175. We conclude, therefore, that the court did not err, at least to the prejudice of appellant, in declining to adopt its definition of the word stationery, and to instruct the jury in accordance therewith, unless, as is insisted by appellant, the terms of the statute are such as to forbid any other definition of the word.

Article 2475, Revised Statutes, provides: "There shall be allowed to county judges, clerks of the District and County Courts, sheriffs and county treasurers, such books, stationery, including blank bail bonds and blank complaints, and office furniture, as may be necessary for their offices, to be paid for on the order of the Commissioners Court out of the county treasury; and suitable offices shall also be provided by the Commissioners Court for said officers, at the expense of the county. * * * And that such books and stationery as are necessary in the performance of their duties, shall also be furnished justices of the peace by said Commissioners Court." There is nothing in this language, as we conceive, to negative the idea that the term "stationery" may include printed blanks; but, on the contrary, the expression, "stationery including blank bail bonds and blank complaints," seems

to us to assume that the word "stationery" does include printed blanks; if not, then the language would doubtless have been "stationery," and also "blank bail bonds and blank complaints." The purpose of the legislature in these words is not to prohibit the purchase of printed blanks, other than blank bail bonds and blank complaints, but to expressly enjoin the purchase of the latter by the county, a charge which otherwise would properly fall on the State; in order, no doubt, that the officers of the county who were charged with the duty of issuing and executing criminal process might be properly equipped for the prompt and accurate performance of their duties. The maxim, "Expressio unius, exclusio alterius," is not applicable to the language of this statute.

The contention by appellee, that the officers upon whose orders the stationery was sold and delivered, were each without power to bind the county for payment of the goods, rests upon the assumption that no contract can be made for the county, except by the Commissioners Court, or its duly appointed agent, but this assumption, in our opinion, is itself without foundation in the law. We know of no statute or decision which declares that a contract, to be binding upon a county, must be made with the Commissioners Court, or its agent. Such is certainly not the rule of law applicable to the officers of corporations other than public, and the rules which define the powers of the officers of corporations generally should apply to the officers of a county, unless other rules are expressly prescribed, or are dictated by public policy. The provision of the statute, quoted above, does not direct that the Commissioners Court shall purchase the necessary stationery for the use of the sheriff and the clerks of the county, but, after declaring that these officers shall be supplied with such stationery and office furniture as may be necessary for the performance of their respective duties, it simply provides that such purchases shall be paid for, upon the order of the Commissioners Court, out of the county treasury; but in the next clause of the same article, the language of the statute is, "that the Commissioners Court shall provide offices for the sheriff and clerks of the county and treasurer."

This difference of language in the same article, in reference to stationery to be furnished these officers, and the offices to be provided for them, is significant; and would seem to indicate the legislative intent to be that as to stationery and office furniture, they might be purchased by the officials themselves, but as to the places and houses in which they are to discharge their respective duties, they had no discretion, and the Commissioners Court alone was authorized to provide these officials with offices. Our construction of the statute is, that when for any cause the office of county judge, sheriff, treasurer, clerk of the District Court, or clerk of the County Court, is not furnished with necessary stationery and books or furniture, the incumbent of such office may purchase such necessaries, at the cost of the county, and such contract of purchase is binding upon the county, and should be recognized as a valid claim

against the county by the Commissioners Court, and ordered paid out of the county treasury, unless it is clear that the goods purchased are not such as are allowed the official by the law, or unless the purchase is unreasonable, either in the quantity of the goods or in the prices paid for them. This we take it is the only limit upon the power of the incumbent of the office to make the purchase; and the extent of the authority of the Commissioners Court in the premises is only to see that the discretion reposed in the official making the purchase has not been abused. From these views of the law and from the facts of the case, it follows that there was no material error committed by the trial court, in our judgment; and what we have said renders it unnecessary to discuss the remaining assignments of error.

The judgment is affirmed.                                      *Affirmed.*

NOTE BY MR. JUSTICE PLEASANTS.—In the opinion delivered in this case, there is an omission in the statement of the case of the words "county clerk." The suit was to recover for goods sold to the county clerk, the clerks of the civil and criminal District Courts of Harris County, and the sheriff of that county, and the law of the case, as announced in the opinion, applies equally to sales made to each of these officers. This note is made in explanation of the omission in the opinion, and the clerk of this court will attach the same to the original opinion now of record in his office.

Filed October 3, 1896.