## Henrie *v.* Columbia County.

*Prothonotary—Supplies—Stationery—Acts of April* 25, 1889, *P. L.* 52, *and June* 18, 1895, *P. L.* 197.

Printed blank forms used in the prothonotary's office are stationery for which the county commissioners are required to pay under the act of June 18, 1895, P. L. 197, amending the act of April 25, 1889, P. L. 52.

Argued Jan. 15, 1901. Appeal, No. 40, Jan. T., 1901, by defendant, from judgment of C. P. Columbia Co., Feb. T., 1900, No. 14, on case stated in suit of W. H. Henrie, prothonotary, v. Columbia County. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Case stated to determine liability of a county for the supplies furnished to the prothonotary.

The material portions of the case stated were as follows:

2. That the said plaintiff purchased for use in the transaction of the business of his said office the stationery and several items set forth in the plaintiff's statement as follows:

| | |
|---|---|
| Jan. 5, 1897, Two costs books, W. H. Slate, | .90 |
| Jan. 17, 1897, Blanks, | .37 |
| Amount carried forward, | $1.27 |

|  |  |
|---|---|
| Amount brought forward, | $1.27 |
| Jan. 17, 1897, 100 blanks at $3.00 and 100 at $.75, W. H. Slate, | 3.75 |
| Feb. 5, 1897, 25 blanks at $.40 and 9 blanks at $.15 | .55 |
| Feb. 11, 1897, 1,000 supbœnas C. P., C. E. Randall, | 3.25 |
| Feb. 12, 1897, 100 blanks, W. H. Slate, | 1.50 |
| April 8, 1897, 100 am. sci. fa., Elwell, | .50 |
| April 20, 1897, 500 sci. fa. sur mt'ge, Dorr, | 4.10 |
| Sept. 1, 1897, 1,000 subpœnas O. and T. and 800 Q. S., Smith, | 3.75 |
| Sept. 3, 1897, 25 blanks, Ridgway Publishing Co., | .99 |
| Sept. 16, 1897, 25 blanks, Ridgway Publishing Co., | .49 |
| Jan. 7, 1897, 2,000 judgment blanks, Krickbaum, | 2.50 |
| Feb. 12, 1897, 1,000 certificates of liens, Krickbaum, | 3.25 |
| Feb. 12, 1897, 1,000 summons, Krickbaum, | 3.25 |
| Feb. 25, 1897, 250 orders to viewers, | 2.00 |
| Feb. 13, 1897, 500 Auditor's Com. blanks, Randall, | 3.25 |
| Feb. 13, 1897, 1,000 note heads, Randall, | 3.00 |
| Feb. 13, 1897, 1,000 envelopes, small, Randall, | 2.75 |
| Feb. 13, 1897, 1,000 envelopes, large, Randall, | 4.50 |
| Feb. 13, 1897, 1,000 bill heads, Randall, | 2.75 |
| March 8, 1897, 500 Constable returns, Randall, | 2.50 |
| Oct. 22, 1897, 500 blank certificates, J. P., Randall, | 1.25 |
| Oct. 22, 1897, 500 acknowledgments, | 1.25 |
| Feb. 14, 1898, 100 ex-blanks, Smith, | 3.25 |
| March 4, 1898, 1,000 license blanks, Randall, | 5.00 |
| Sept. 15, 1898, 100 am. sci. fa., Elwell, | 1.00 |
| Feb. 15, 1899, Ex'mp record, Ridgway Publishing Co | 1.00 |
| April 6, 1899, 1,000 envelopes, small, Elwell, | 2.50 |
| April 6, 1899, 100 am. sci. fa., Elwell, | .50 |
| April 13, 1899, 100 naturalization blanks, Murphy & Son, | 4.25 |
| Sept. 22, 1899, 1,000 envelopes, large, Elwell, | 3.75 |
| Nov. 16, 1899, 500 sci. fa. mech. lien, Krickbaum, | 3.50 |
| Nov. 16, 1899, 500 viewers' blanks, Krickbaum, | 3.00 |
| Nov. 2, 1899, 1,000 marriage license certificates, Randall, | 5.50 |
| Nov. 2, 1899, 1,000 marriage license affidavits, Randall, | 3.00 |
| Nov. 20, 1899, 2,000 judgment blanks, Randall, | 2.51 |
| Total, | $90.70 |

3. That all of said stationery was actually used in the tran-

saction of the business of said office and was necessary and required for the transaction of the same.

4. That before buying the said stationery the said plaintiff demanded of the county commissioners of said county that they procure for him for use as aforesaid at the proper cost of the said county, the above mentioned stationery, but the said commissioners refused to supply the same.

5. The said plaintiff bought the said stationery and paid for the same the sum of $90.70, and on December 2, 1899, demanded from the said commissioners of Columbia county the said sum of $90.70, but the said commissioners then and there refused and have since refused to pay the said sum.

If the court be of the opinion that the said county of Columbia is liable for the payment of the said sum, then judgment to be entered for the plaintiff, but if the court be not of that opinion, then judgment to be entered for the defendant, costs to follow judgment. Either party reserving the right to sue out a writ of error or take an appeal therein.

The act of assembly, approved June 18, 1895, reads: Be it enacted, etc., that the act entitled " An act to authorize and require the county commissioners of the several counties of this commonwealth to furnish supplies and fuel for certain county offices," approved April 25, 1889, consisting of one section which reads as follows: be and the same is hereby amended so as to read as follows:

" That from and after the passage of this act, the county commissioners of the several counties of this commonwealth, shall, at the proper cost of the respective counties, furnish the office furniture, blank books and stationery required for each of county officers, whose offices are located in the county buildings at the county seat; also printed court calendars and trial lists of the respective courts of common pleas for the use of the officers and attorneys of the courts, and all needed fuel and light."

The court entered judgment for plaintiff on case stated.

*Error assigned* was in entering judgment for plaintiff on case stated.

*B. Frank Zarr,* for appellant, cited Com. v. Lloyd, 2 Pa. Superior Ct. 6.

*Grant Herring*, with him *W. H. Rhawn*, for appellee, cited: Plummer v. Blair County, 14 Lancaster Law Rev. 136; Knox County v. Arms, 22 Ill. 175; DeKalb County v. Beveridge, 16 Ill. 312; Pike County v. Goldthwaite, 35 Ala. 704.

OPINION BY BEAVER, J., February 14, 1901:

In an action of assumpsit a case stated is agreed upon to determine the liability of the county for certain supplies purchased by the prothonotary for use in his office. It is admitted that the liability, if any, arises under the act of June 18, 1895, which is an amendment of an act entitled " An act to authorize and require the county commissioners of the several counties of this commonwealth to furnish supplies and fuel for certain county offices," approved April 25, 1889. No question is raised as to the jurisdiction of the court or to the form of the action. An itemized bill of each article purchased by the prothonotary is contained in the case stated and it is therein admitted, " that all of said stationery was actually used in the transaction of the business of said office and was necessary and required for the transaction of the same."

The only assignment of error is that " the judgment entered in this case in favor of the plaintiff is erroneous," and the only ground of error, as appears in the argument of the appellant, is that certain blanks used in the prothonotary's office and purchased by him from sundry persons are not included under the word " stationery." It is somewhat significant that the third, fourth and fifth paragraphs of the case stated apply the term "stationery" to the articles contained in the bill. It is also admitted that the paper upon which the blanks were printed is stationery and would be properly chargeable to the county, but because they have been passed through a printing press and labor has been bestowed upon them by the printer, that they cease to be stationery, and might more properly be termed "printed supplies." It will hardly be denied that letter heads are stationery and yet they have gone through the hands of the printer. Printed blanks are recognized by the legal profession and furnished by dealers as a form of legal stationery and should be, it seems to us, covered by the word " stationery," in the act of assembly referred to. The word itself has not received judicial interpretation at the hands of either of the appellate courts

of Pennsylvania but, under similar statutes in other states, it has been held that articles of stationery necessary for the offices of the respective courts include printed blanks: Knox County v. Arms, 22 Ill. 175; Commissioners' Court of Pike Co. v. Goldthwaite, 35 Ala. 704. In the latter case the Supreme Court held that a legislative interpretation of the word by which blanks were characterized as stationery influenced the decision. The blank paper upon which a summons or subpœna or other ordinary form in use in the prothonotary's office is written, and the pen and ink with which it is written, would undoubtedly be stationery in the strict sense in which the appellant seeks to limit the furnishing of such supplies, and this is admitted; but it is claimed that anything beyond this is unwarranted and contrary to the provisions of the statute. This is a narrow interpretation of the act. The thought of the legislature, as contained in the title of the original act, as well as in the text of the supplement thereto, would seem to indicate that all supplies necessary for the conduct of the public business of the several county offices should be furnished at the expense of the county. The public is interested in the dispatch of the business of the several public offices referred to, and the blank forms necessary to conduct it materially aid therein.

The difficulty which the appellant found in using, in the case stated, any other term than " stationery " for the several items contained in the plaintiff's bill, is an unconscious admission of the plaintiff's contention. We are of opinion that the court below properly interpreted the statute under which the plaintiff claims compensation for the purchases made by him for use in his office.

Judgment affirmed.