## George D. Barnard & Co.

### *v.*

### The County of Sangamon.

*Opinion filed April 18, 1901.*

1. Municipal corporations—*when doctrine of estoppel is applied to municipal corporation.* A municipal corporation is never estopped to deny its right to make a contract, but the doctrine of estoppel is applied to it when acting in its private as distinguished from its governmental capacity, if the act is within its charter powers.

2. Counties—*board of supervisors may appoint an agent to transact business affairs.* The board of supervisors is entrusted with the business affairs of the county, and in the transaction of such business may appoint an agent.

3. Same—*when county is estopped to repudiate purchase of supplies by county clerk.* In an action for the price of blank books and supplies ordered by the county clerk the county is estopped to deny the clerk's authority to order the articles, where, by a course of dealing with the plaintiff for a number of years, it has recognized the county clerk as its agent by adopting and ratifying all his purchases and paying for the supplies as purchased.

*Barnard & Co.* v. *County of Sangamon,* 91 Ill. App. 98, reversed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. Robert B. Shirley, Judge, presiding.

Conkling & Grout, for appellant.

W. E. Shutt, Jr., State's Attorney, and James M. Graham, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The board of supervisors of the county of Sangamon, appellee, rejected the claim of George D. Barnard & Co., appellants, for two justice's dockets, one marriage register and blank books for the assessment of lands, lots and personal property in said county for the year 1899, made under the forms required by the act of 1898 for such assessment and delivered to said county. Appellants appealed from said decision to the circuit court of said county, where, a jury having been waived, matters of law and fact were submitted to the court. There was a trial, and the court found the issues for the appellee and entered judgment accordingly. From that judgment appellants appealed to the Appellate Court for the Third District. The judgment of the circuit court was affirmed by the Appellate Court, and a certificate of importance was granted and this further appeal prosecuted.

There was no controversy at the trial over any matter of fact, and the facts as proved and conceded are as follows: There are standing rules of the board of supervisors, entered of record, providing, in substance, that no supervisor, committee of the board or county officer shall make any contract for supplies exceeding $75 without a public letting to the highest responsible bidder after publication of notice; that no blank books, stationery or other articles used by county officers shall be furnished except on the order of the officer requiring the same, which shall accompany the bill when presented to the county board for allowance, and that all supplies and printing needed by the county shall be purchased of resident county printers and merchants, provided they can be obtained there as cheaply as elsewhere. Before 1894 the rule had provided for a public letting when the amount exceeded $25. The blank books in question were made and delivered by plaintiffs upon the order of the county clerk, and there had not been any resolution or

express authority of the board of supervisors authorizing him to make the purchase. The books were ordered in August, 1898, to be used in 1899, and were delivered the last of November, 1898. It was proper and necessary to have the books in advance, so as to have them thoroughly dry and seasoned and fit for use. If purchased and used at once, when damp from the glue and paste, they would be apt to warp and get out of shape and perhaps come apart. There was no want of good faith on the part of the plaintiffs, and the quality and fitness of the books for use are not questioned. The books were afterward refused by the county and were not used, but were packed up and held subject to the order of plaintiffs, who did business in St. Louis, Missouri. The provision for a public letting of contracts had not been observed. It had been the custom of the county to purchase blank books, stationery, and supplies in the same manner that these books were ordered and purchased, at least since the year 1884. The method of doing the business during that time was for the county clerk to order and purchase such supplies as would be needed in his office, and no order or contract was ever made after public notice or bidding. Bills were made for all such purchases, and were certified to by the clerk and presented to the board and paid. From 1892 until the time of this contract,—a period of about six years,—the plaintiffs had been in the habit of selling to the county in that way, through orders of the county clerk, blank books, blanks and lithograph work, such as county orders and marriage licenses, and none of the purchases so made, nor any such transaction of the county clerk as agent for the county, was ever questioned.

The only controversy between the parties is whether, under that state of facts, the county is permitted to deny the authority of the clerk to enter into the contract as its agent, and the defense against the claim is, that the county is not bound for want of express authority of the county clerk to make the contract. Propositions of law

were presented to the court by the parties in accordance with their respective claims. The court refused the propositions submitted by plaintiffs that the defendant might be estopped by the action of its board of supervisors in having held out the county clerk as authorized to act for the board in the purchase of supplies. All propositions presented by plaintiffs were refused and those offered by the defendant were held to be the law.

An individual or private corporation, under the same circumstances, would not be permitted to deny the authority of a person held out as agent. One who deals with an agent must ascertain his authority; but such authority is commonly inferred from the extent of the usual employment of the agent, and not from an inspection of a written authority or knowledge of an express appointment. The rule that the principal shall be bound by the acts of an agent within the apparent scope of his authority in the business confided to him, is indispensable to justice and to meet the common conditions and exigencies of business. To permit a principal to repudiate an agency which he has led others to believe existed, would be inconsistent both with morals and public policy and invite fraud and imposition upon persons dealing with him in good faith.

This rule is not questioned, but it is contended that there is a difference in the case of *quasi* municipal corporations like counties, and that they are at liberty to repudiate contracts which are made without express authority of the board. We do not understand that to be the rule, but are of the opinion that the courts are as ready to support a just claim against a municipal corporation as any other party. In *Seagraves* v. *City of Alton*, 13 Ill. 366, where a duty was enjoined by law upon the city, a contract was even implied on its part and assumpsit sustained where it had expressly refused to perform the legal obligation resting upon it, and where it, in fact, made no contract but refused to make one. A municipal

corporation is never estopped to deny its right to make a contract, but the doctrine of estoppel is applied to it when acting in its private as contradistinguished from its governmental capacity, wherever the act is within its chartered powers. (*County of Cook* v. *Harms,* 108 Ill. 151; *City of Chicago* v. *Sexton,* 115 id. 230.) The purchase of the blank books in question is not only within the powers of the defendant but is a duty enjoined upon it by statute. Section 289 of the Revenue act (Hurd's Stat. 1899, p. 1442,) is as follows: "The county board shall direct the county clerk to procure all necessary books and blanks required by this act to be used in the assessment of property and collection of taxes, at the expense of the county." In section 26 of the act in relation to counties, among the duties of the county board is the following: "To provide suitable books and stationery for the use of the county board, county clerk, county treasurer, recorder, sheriff, coroner, and the clerks of said courts." The board of supervisors is entrusted with the business affairs of the county, and in the transaction of such business may appoint an agent, (*McClaughry* v. *Hancock County,* 46 Ill. 356,) and by the above statute the board is required to direct the county clerk to procure the assessors' books. The only question here is whether authority was given, and the propositions of plaintiffs which were refused stated the correct rule of law that the county would be estopped to deny such authority by a course of dealing with plaintiffs for a term of years, during which it recognized the county clerk as its agent by adopting and ratifying all his purchases and paying for the supplies as purchased. The position assumed by defendant and represented by the propositions held by the court is indefensible in the law. The rulings on the propositions were wrong.

The judgments of the Appellate Court and circuit court are reversed, and the cause is remanded to the circuit court for further proceedings in accordance with the views herein expressed.    *Reversed and remanded.*