## Piatt County v. Republican Printing Co.

1. COUNTIES—*Liability for Supplies Furnished to County Officers.*— Where the county board appoints one of its members as its agent for the purpose of providing suitable books and stationery for its use, and also for the use of the county officers, and the member so appointed as such agent is ready and willing to furnish the supplies, a party with notice of such appointment will not be permitted to furnish supplies and compel the board or county to pay for them.

Assumpsit, for goods furnished county officers. Appeal from the Circuit Court of Piatt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1901. Reversed with a finding of facts. Opinion filed December 10, 1901.

CHARLES F. MANSFIELD, State's Attorney, for appellant.

M. R. DAVIDSON, attorney for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

The Republican Printing Company, of Monticello, Piatt county, Illinois, presented to the board of supervisors of that county for allowance against the county a claim for $112.50 for supplies which the printing company had furnished to the county clerk and school superintendent of the county for use in their respective offices. The board of supervisors refused to allow the claim, and the printing company appealed from its action to the Circuit Court, where the claim was tried by the court without a jury by agreement and resulted in a finding and judgment in favor of the printing company for $26.75. Both parties excepted to the finding and judgment and the county brings the claim to this court by appeal and assigns and urges for error, among others, that the finding and judgment are contrary to the law and evidence of the case. The printing company has assigned a cross-error by which it claims the court erred in finding and adjudging that it was only entitled to $26.75 when the evidence showed it was entitled to $112.50.

It is undisputed that the supplies furnished by the printing company to the county clerk and county school superintendent at their respective requests were reasonably worth $112.50, and were necessary, and had been used by them in discharging the duties of their respective offices; that the board of supervisors had, by resolution, regularly appointed one of its members as its agent to furnish all the supplies necessary for use by each of the county officers; that its agent was ready and willing to supply same upon the request of each of said officers, of all which each of said officers and the printing company had notice before the supplies in question were furnished; and that neither the agent nor the board of supervisors had notice that the supplies in question had been furnished or used until long after they were so furnished and used.

We are of opinion that the board of supervisors being intrusted by statute with the business affairs of the county, in the transaction of such business, may appoint an agent (McClaughry v. Supervisors of Hancock County, 46 Ill. 356) to provide suitable books and stationery for the use of the county board, county clerk, county treasurer, recorder, sheriff, coroner, superintendent of schools, and the clerks of the courts (Barnard Co. v. County of Sangamon, 190 Ill. 116), and having appointed one of its members as its agent for that purpose, who was ready and willing to furnish such supplies, the printing company, with notice thereof, will not be permitted to furnish same to any or either of them, and compel the board to allow or the county to pay for same.

It follows that the finding and judgment of the Circuit Court of Piatt County are against the law and evidence and for that reason its judgment will be reversed, but the case will not be remanded for the reason that under the undisputed facts, the county is not liable to the printing company for the value of the supplies in question. And the clerk will incorporate in the judgment:

" The court finds that the regularly appointed agent of the board of supervisors of the county of Piatt was ready and willing to furnish the supplies necessary for use of all the

county officers as provided by law, when the claimant, the Republican Printing Company, furnished the county clerk and school superintendent the supplies in question, and that the county of Piatt is not indebted to the claimant for anything on the claim presented."

Reversed, with finding of facts.