James H. McQueeny, Trading as McQueeny's Investigating Agency, Appellee, v. County of Whiteside, Appellant.

Gen. No. 9,030.

346

Opinion filed April 13, 1936. Rehearing denied July 7, 1936.

L. L. WINN, State's Attorney, and ROBERT W. BESSE, of Sterling, for appellant.

LEE D. MATHIAS, of Chicago, for appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This was an action of assumpsit brought by appellee against appellant to recover compensation for services rendered and expenses incurred in an investigation of violations of the Illinois Prohibition Law in appellant county. The jury returned a verdict in favor of appellee in the sum of $4,150. Judgment was entered upon the verdict and appellant prosecutes this appeal therefrom.

There are over 700 pages in the record, which renders any detailed discussion of the evidence impracticable. Appellant assigns so many points for reversal that any attempted discussion of them separately would extend this opinion beyond all reasonable lengths. Appellant takes the position that the county board of supervisors had no power to make the alleged contract; that it was ultra vires; that the employment of such services must be upon a time basis; that the acceptance of the services would not render appellant liable; that only the county board has authority to bind the county; that a committee of the board of supervisors has no authority to act unless same is bestowed by resolution of the board; that the county officers could not bind the county by acts outside the scope of their authority; and that the Illinois Prohibition Act set up a complete machinery for its enforcement. The foregoing are in substance the contentions of appel-

lant. They result in two questions: First, did the county board have the power to make the contract; and second, if so, was the contract made.

It appears that the conditions existing in appellant county during the years 1930 to 1932, with respect to violations of the Illinois Prohibition Act, were bad; that the law was not being enforced to the satisfaction of certain persons, and that a meeting was held at a church in Rock Falls, at which the sheriff and a deputy and several of the supervisors were present; that a committee was appointed; that following this meeting, a pastor of one of the local churches suggested that the board of supervisors appoint a special State's attorney for the purpose of prosecuting violations of the Prohibition Law; that pressure was brought upon the county board as well as the sheriff's office to procure assistance in getting evidence against violators of the Prohibition Act. The sheriff got into communication with appellee with respect to furnishing the necessary investigators to investigate and secure evidence of violations of the Prohibition Law in appellant county. The county board at a meeting held on December 11, 1930, passed a resolution wherein it avowed its unlimited support of the officers of said county together with all necessary assistance, but with a whereas that "proper assistance cannot be given where there is a lack of co-operation and misunderstanding." This resolution contained the provision that the board would not honor any expenses accruing such as for detective work, when such expense accrued without the consent of the committee on county officers of the said board. It then authorized the county officers committee to act for the board during times between sessions. It will be borne in mind that public meetings were being held concerning the violation of the liquor law in that county, and that the county board passed the above resolution in response thereto. Following these

matters, the sheriff advised appellee that it had been decided to retain appellee agency to secure evidence in said county against "bootleggers," and that the rate of $10 per day for each investigator, with necessary expenses, was satisfactory. Pursuant to the foregoing, appellee agency entered said county with a large number of investigators. An extensive campaign was inaugurated and waged against violators of the Prohibition Law. The county board appointed a special prosecuting attorney to take care of such cases. When the campaign came to a close the county was indebted to appellee agency in the sum of $8,260 for investigations at $10 per day, and the additional sum of $5,945.76 for expenses of such investigators and investigations. This made a total of $14,205.76. Appellee had received payment on this amount of $2,350, which left a balance claimed due of $11,855.76. It is apparent from the record that the campaign did not prove a financial success for appellant county. We are of the opinion from the record that had the campaign proved a financial success, this suit would not have arisen. It appears that the chairman of the board of supervisors with respect to the foregoing matters stated: "I called Sheriff Whitney and the finance and county officers committee into conference. We were obliged to act on a case of this kind in secret, for it is obvious to have done otherwise would have been to tip off every law breaker concerned. We are responsible for the employment of detective service." Secrecy is characteristic of matters of this kind, and there was nothing unusual in the manner in which the chairman of the board stated the matter was handled.

Appellee agency was located in the City of Chicago. It was chargeable with knowledge that the law provided that work of this kind should be upon a daily basis, instead of conditioned upon conviction secured, a practice which had grown into a deplorable state. It

is not unusual, under circumstances such as exist in this case, that no individual member wished to accept the responsibility for the action of the board, or the assumption of a full knowledge of the details connected therewith. Sec. 1 of the Act on Detectives and Investigators, passed in 1929, Ill. State Bar Stats. 1935, ch. 38, ¶ 771 (sec. 608-A, Smith-Hurd 1935) provides that no county shall employ any detective or investigator of the commission of any crime, on a compensation basis other than that of time, and in no event shall compensation to such persons be contingent on the success of the investigation or prosecution. This section not only recognizes the power and authority of a county to employ detectives and investigators, for the investigation of the commission of crime, but it also specifies upon what basis they shall be employed. The record discloses that appellee agency was employed upon such a basis. Par. 27 of the Illinois Prohibition Act, Cahill's Ill. St. 1931, ch. 43, sec. 26, provided for the enforcement of such act and made it the duty of the county boards to lend every possible assistance to the State's attorney, sheriff and other officials in the enforcement of the act. This is substantially what appellant signified its intention to do by the resolution adopted, and by its subsequent conduct.

It is the duty of a county to pay the expenses of the local administration of justice. This duty arises as well from our general system of county organization as from express statutes. Although the powers, duties and liabilities of political divisions of the State, unless restrained by constitutional limitations, are under the control of the general assembly (*People v. City of Chicago,* 351 Ill. 396, 400), yet the only reasonable interpretation and import that can be given to the above mentioned sections of statute is that it was and is the legislative intent that county boards may employ detectives and special investigators for the purpose of

the investigation of crimes, the apprehension of the offenders, and the bringing of them to trial, as a part of the duty of counties in the administration of justice therein.

Since the county board of supervisors is the medium through which county affairs are conducted, it follows of necessity that the contractual power is vested in such board. The county board, being thus intrusted with the business affairs of the county, in the transaction thereof, may appoint a committee to act as its agent. *Barnard & Co. v. County of Sangamon,* 190 Ill. 116. It has been said that the entire board of super-visors need not be kept in constant session during the progress of a protracted investigation, and that they might act by and through a committee. *Gillett v. Board of Supervisors of Logan County,* 67 Ill. 256, 259.

It appears that the county board gave authority to its county officers committee to act for it in this behalf, and that by virtue of such authority, the committee entered into contract with the plaintiff. We are of the opinion the county board had authority to make the contract. Certain of the board members met with the people of the community in public meetings at the church, and subsequently thereto the board passed its resolution pledging its unlimited support to the officers of the county against violators of the Prohibition Law, authorized its county officers committee to act for it between meetings, appointed an assistant State's attorney for the purpose of prosecuting such violations of the Prohibition Law as might be reported by appellee agency's investigators. The board received reports, either in meeting or through its committee, of the progress of the work. They were kept advised through the sheriff's office of what was taking place. They must be held chargeable with knowledge of their own acts. It is hardly possible that they could have done all of the above things without having some plan

of action in mind and some intent of how they were going to carry it out. We are of the opinion from the record that appellant at all times, by and through its county board or through a committee acting therefor, was cognizant of what was going on and that the same was taking place at the instance of the county board. ''The rule that the principal shall be bound by the acts of an agent within the apparent scope of his authority in the business confided to him, is indispensable to justice and to meet the common conditions and exigencies of business. To permit a principal to repudiate an agency which he has led others to believe existed, would be inconsistent both with morals and public policy, and invite fraud and imposition upon persons dealing with him in good faith.'' *Barnard & Co. v. County of Sangamon, supra,* p. 119.

We believe the foregoing covers the objections urged by appellant to the judgment of the court. No errors are argued as to instructions. Appellant complains because the total amount received from fines resulting from such investigations only aggregated $2,649.55. This fact cannot be considered in determining whether the contract of employment is binding upon appellant. This method of contract is no longer sanctioned, and the above statute of 1929 terminated such practice. We have discovered no errors of law existing in the record pointed out by appellant. On the questions of fact, the cause was submitted to a jury of appellant county. We are not disposed to disturb the verdict of the jury thereon. We are of the opinion as above stated, that the county board had ample power to make such a contract, and that it might do so through its authorized committee or agent; that it possessed the power as a necessary incident to its duty to see that public justice was carried out within its political limits; and that in addition to this, the above sections of statute recognize this power in the county board to

employ detectives and investigators in the investigation and prosecution of crime.

The judgment of the circuit court of Whiteside county is therefore affirmed.

*Judgment affirmed.*