Consolidated Chemical Laboratories, Inc., Trading as Consolidated Laboratories, Appellee, v. County of Cass, Appellant.

Gen. No. 9,407.

Heard in this court at the October term, 1943. Opinion filed February 29, 1944.

C. G. COLBURN, of Virginia, Illinois, for appellant.

VAUGHT, FOREMAN & CLEARY, of Jacksonville, for appellee; E. W. CLEARY, of Jacksonville, of counsel.

MR. JUSTICE HAYES delivered the opinion of the court.

On July 5, 1934, the sheriff of Cass County purchased an order of sanitary supplies for the court house and jail from a salesman for the Consolidated Chemical Laboratories, Inc., at a cost of $116.25. Under regulations enacted by the board of supervisors of Cass County and in effect for some time, it was

necessary that approval of orders of this type be obtained from a member of the courthouse and jail committee of the board, and such approval was obtained for this order by the sheriff and the salesman. The following day the sheriff placed another order for similar supplies from the same salesman, which order amounted to $452, and on August 14, 1934 still another order of the same character was made by the sheriff,—this order amounting to $85. Neither of these latter orders was approved by a member of the courthouse and jail committee. The supplies were delivered and a claim for the order of July 5, 1934 was allowed and paid by the board of supervisors. No claims for the other two orders were filed until after the expiration of the sheriff's term of office, and it was not until then that the board of supervisors learned of them. When it did discover that the orders had been made, it offered to return the balance of the supplies then on hand but the Laboratories refused to accept them. The claims filed for these two orders were not allowed and the board has repeatedly refused to pay them. The Laboratories filed suit against Cass County in the circuit court of that county. Accompanying their complaint was an affidavit asking for a summary judgment. The county answered and filed a motion to deny the summary judgment, supporting its motion with an affidavit of merits. The Laboratories thereupon withdrew their motion for summary judgment, and the county then filed a written demand for a jury. The Laboratories moved to strike the jury demand, which motion was allowed, and a trial was held before the court who entered judgment for the plaintiff. The County of Cass has appealed to this court.

While it is true, as appellee contends, that the sheriff is entrusted with the care and custody of the courthouse and jail (Ill. Rev. Stat. 1943, ch. 125, sec. 14 [Jones Ill. Stats. Ann. 124.14] ; *Dahnke v. People,* 168 Ill. 102) we believe his authority to create a liability

against the county for supplies is subject to control by the board of supervisors of a county. It is to that board that the general corporate powers of the county have been delegated (Ill. Rev. Stat. 1943, ch. 34, sec. 23 [Jones Ill. Stats. Ann. 33.023]), and it is expressly given the power to make all contracts on behalf of the county. Ill. Rev. Stat. 1943, ch. 34, sec. 24 [Jones Ill. Stats. Ann. 33.024]; *Stevens v. St. Mary's Training School,* 144 Ill. 336. The board of supervisors may delegate the execution of certain of its powers to committees or agents. *Sexton v. County of Cook,* 114 Ill. 174; *Dunne v. Rock Island County,* 283 Ill. 628. We believe it has the power to enact reasonable regulations controlling the exercise of delegated powers. In the present case we believe that the board of supervisors of Cass County had the authority to require the sheriff of that county to secure the approval of the courthouse and jail committee before entering into any contracts creating a liability against the county.

From the record in this case, it must be presumed that appellee had knowledge of the rule of the county board requiring approval of contracts made by the sheriff. Its salesman, if he did not know before, certainly learned of the restriction when he, together with the sheriff, secured approval of the order of July 5, 1934. It therefore accepted the second and third orders and sent the supplies at its own risk and cannot now complain of the action of the board in refusing to allow the claims filed therefor. *Piatt County v. Republican Printing Co.,* 99 Ill. App. 411.

Because of the decision we have reached on the merits of this case it is not necessary for us to pass upon the order of the court striking appellant's demand for a jury.

The judgment of the circuit court of Cass County is reversed and the cause remanded to that court with directions to enter judgment for defendant.

*Reversed and remanded with directions.*