

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 20, 1977

The Honorable Robert J. Winn
Executive Director
Governor's Coordinating Office
  for the Visually Handicapped
Suite 1004, Westgate Bldg.
Austin, Texas 78701

Opinion No. H-984

Re: Whether various supplies
are stationery within article
16, section 21 of the Texas
Constitution.

Dear Mr. Winn:

You have requested our opinion concerning whether office
supplies such as pencils, pens, typewriter pads and paper
clips are "stationery" within article 16, section 21 of the
Texas Constitution. Your question arises from the desire of
the Texas Committee on Purchases of Blind-Made Products and
Services to include such items within those manufactured by
the blind and sold to state agencies pursuant to articles
664-5 and 664-6, V.T.C.S.

Article 16, section 21 of the Texas Constitution generally
requires all "stationery, and printing" to be performed under
a contract reached through competitive bidding and approved
by various officials. See State v. Steck Co., 236 S.W.2d 866
(Tex. Civ. App. -- Austin 1951, writ ref'd); Attorney General
Opinions H-319 (1974); C-732 (1966); Letter Advisory No. 35
(1973).

Words within a constitution are given their natural
meaning. Markowsky v. Newman, 136 S.W.2d 808 (Tex. 1940).
In that case as in many others, the definition of the pertinent
words as presented in Webster's was utilized. Webster's Third
New International Dictionary defines stationery as "materials
(as paper, pens, pencils, ink, blankbooks, ledgers, and cards)
for writing or typing." Apparently the definition was similarly
broad at the time of the adoption of article 16, section 21.
In Harris County v. Clarke, 37 S.W. 22 (Tex. Civ. App. -- 1896,
no writ) the court stated:

> Stationery is defined by Webster to mean
> paper, pens, inks, quills, blank books,
> etc.

Id. at 23.  See Crook v. Commissioners' Court of Calhoun County, 39 So. 383 (Ala. 1905).  Accordingly, the word "stationery" as contained in article 16, section 21 includes materials used for writing.  It would appear that the items you mention are within the definition of "stationery" and may not be purchased without complying with the requirements of article 16, section 21.  Attorney General Opinion H-319 (1974); Letter Advisory No. 35 (1973).  Of course, a non-profit agency for the blind as referred to in articles 664-5 and 664-6 may bid for such contracts.  Attorney General Opinions H-921 (1977) and M-743 (1970).

### S U M M A R Y

> "Stationery" as used in article 16, section
> 21 of the Texas Constitution means materials
> used for writing or typing.  It would include
> pens, pencils, pads and paper clips.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml